THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. ISAAC B. KYLE, Defendant-Appellant.

Fourth District   No. 4—89—0647

Opinion filed February 22, 1990.

Harvey C. Welch, of Urbana, for appellant.

Thomas J. Difanis, State's Attorney, of Urbana (Kenneth R. Boyle, Robert J. Biderman, and Timothy J. Londrigan, all of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE LUND delivered the opinion of the court:

Isaac Kyle, defendant, and Derrick Grant participated in a series of armed robberies. Defendant entered a plea of guilty to one charge of armed robbery (Ill. Rev. Stat. 1987, ch. 38, par. 18—2) and one charge of attempt (armed robbery) (Ill. Rev. Stat. 1987, ch. 38, par. 8—4). Other charges were dismissed. He was sentenced to 20 years on the armed robbery charge and 10 years on the attempt (armed robbery) charge—the sentences to run consecutively. On appeal, defendant argues the trial court abused its discretion in ordering a consecutive sentence and, in the alternative, that the court did not provide an adequate record as to the reasons underlying the consecutive sentence. We disagree and affirm.

Defendant and Grant robbed businesses by a method of entering as customers, Grant carrying a gun, and forcing the employee to lie on the floor. After obtaining the cash, on at least three occasions, other than the occasions to which the pleas were entered, the defendant kicked the prone employees in the head, doing serious injury to at least one. No reason was given for the kicking, and Grant, testifying at defendant's sentencing hearing, denied encouraging it. On the day after defendant was sentenced, Grant was sentenced, by the same judge, to concurrent sentences of 20 years and 10 years for

the same offenses. Defendant was born July 29, 1970, and had a previous juvenile record.

■ Section 5—8—4(b) of the Unified Code of Corrections provides:

> "The court shall not impose a consecutive sentence except as provided for in subsection (a) unless, having regard to the nature and circumstances of the offense and the history and character of the defendant, it is of the opinion that such a term is required to protect the public from further criminal conduct by the defendant, the basis for which the court shall set forth in the record." (Ill. Rev. Stat. 1987, ch. 38, par. 1005—8—4(b).)

The test as to the propriety of the trial court's sentence was set forth by our supreme court as follows:

> "We have repeatedly emphasized the undesirability of a reviewing court simply substituting its judgment or preference as to punishment for that of the sentencing court. The trial judge is ordinarily best situated to tailor a sentence or other disposition to the needs of the case. He balances the appropriate factors in imposing sentence, and the exercise of this discretion should not be altered upon review absent an abuse of that discretion." (*People v. Hicks* (1984), 101 Ill. 2d 366, 375, 462 N.E.2d 473, 477.)

The *Hicks* opinion upheld the trial court's consecutive sentence.

■ From the trial judge's remarks at time of sentence, it is clear that he understood the dictates of section 5—8—4(b). During the sentencing hearing, he had heard evidence of the defendant seriously endangering the lives of three helpless robbery victims, without provocation, kicking them in the head. The trial court remarked about "the Defendant's character and his propensity for violent behavior." He found that the "Defendant is dangerous to persons. He's violent." He found "consecutive sentences are necessary for protection of the public."

■ Defendant emphasizes that Grant was the only party with a gun and that the two of them jointly planned the crimes. However, the testimony of Grant indicates that the defendant did the kicking without Grant's encouragement. While there is evidence in the record which might justify Grant receiving consecutive sentences, we are not to second-guess the trial judge. He conducted a separate sentencing hearing for Grant, and the record of that hearing is not a part of this cause.

We hold the evidence sufficient to find that the trial court's sen-

tence was not an abuse of discretion. We also hold that the trial court adequately set forth the basis for the consecutive sentences.

Affirmed.

SPITZ and GREEN, JJ., concur.